IN THE CIRCUIT COURT OF THE **6th**
JUDICIAL CIRCUIT IN AND FOR
**PASCO COUNTY**, FLORIDA

CIVIL DIVISION

CASE NO.:

ARLET LEYVA ZAYAS,

Plaintiff,

vs.

WAL-MART STORES, INC.
Florida Profit Corporation

Defendants.
_______________________________________/

## COMPLAINT FOR DAMAGES

**COMES NOW**, the Plaintiff, ARLET LEYVA ZAYAS by and through her undersigned attorneys hereby sues Defendant, WAL-MART STORES, INC. (hereinafter "WALMART") pursuant to all applicable Rules of Civil Procedure and alleges as follows:

## JURISDiCTIONAL ALLEGATIONS

1. This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00).

2. At all times material hereto, Plaintiff, ARLET LEYVA ZAYAS, was and is a resident of Pasco County, Florida.

3. Upon information and belief, the Defendant, WALMART is a Florida Corporation lawfully doing business in Miami-Dade County, Florida, and did so at all times material hereto.

4. That the location of this tortious incident took place on the Defendant's, WALMART , premises, which is located at 8701 US Highway 19, Port Richey, FL in Pasco County.

**COUNT I**
**NEGLIGENCE AGAINST**
**WALMART**

Plaintiff re-alleges and re-adopts Paragraphs 1 through 4, as if fully set forth herein.

5. On or about October 27, 2024, the Plaintiff was a business invitee at the premises of the Defendant, WALMART, at the above stated location.

6. Plaintiff was walking around the store when Plaintiff was caused to slip and fall due to a liquid on the floor which created a dangerous condition that the Defendant, WALMART, knew or should have known was left on the floor and which Defendant failed to warn Plaintiff, ARLET LEYVA ZAYAS, about. *See liquid on the floor.*



7. It was the duty of WALMART to use ordinary care and diligence to keep and maintain said floor in a condition reasonably safe for its intended use and free from all defects and conditions which would render it dangerous and unsafe for Plaintiff or present an unreasonable risk of harm to her in her lawful use of the same.

8. That it was the duty of the aforesaid Defendant to exercise reasonable care to protect the Plaintiff, by inspection, maintenance, warning, and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable uses of a common area, an area of high traffic and an area that the Defendant knew was going to be used by its invitees.

9. That it was the duty of the aforesaid Defendant to use reasonable care in the maintenance of the aforesaid area which was not properly cleaned.

10. That it was the duty of the aforesaid Defendant to warn the Plaintiff of the dangerous and unsafe conditions existing in said area.

11. That it was the duty of the aforesaid Defendant to use reasonable care in the inspection and maintenance of the aforesaid area in conformity with recognized safety standards.

12. That the Defendant breached the above duties to the Plaintiff.

13. That the fall and resultant injuries to the Plaintiff were caused by the negligence of the Defendant, who failed to use reasonable care in the maintenance of said premises and its agents, employees, and/or staff's negligence, cleaning, inspecting, and maintaining the subject area.

14. That the aforesaid acts of negligence on the part of the Defendant and/or its agents and employees were the proximate cause of the injury sustained by the Plaintiff, with regard to the dangerous condition on the Defendant's premises.

15. Defendant, WALMART , had a duty to exercise reasonable care that extended to taking actions to reduce, minimize, or eliminate foreseeable risks before they manifest themselves as particular dangerous conditions on the premises.

16. As a direct result of her injury, the Plaintiff has been forced to incur substantial medical bills; has suffered severe physical pain, mental suffering and anguish, has suffered permanent

injury, has been prevented in the future and will be hindered from attending to her business and personal affairs.

17. As a direct result of the Defendant's negligence, the Plaintiff suffered losses, included but not limited to, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, aggravation, acceleration, and/or activation of pre-existing injury, loss of earnings and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, ARLET LEYVA ZAYAS, demands judgment against Defendant, WALMART , for damages, costs of this action, and all further equitable and legal relief as this Court may deem appropriate, and demands a jury trial on all issues so triable.

Dated: November 5, 2025

**THE FOUNDERS LAW, P. A**
Counsel for Plaintiff
The Founders Business Center
15211 NW 60 Avenue
Miami Lakes, Florida 33014
Tel (866) 822-6783 / Fax: (786) 536-5738

BY: ***/S/ Crystal Barranco Garcia***
Crystal Barranco Garcia, Esq. Fla. Bar No. 1049481
Robert C. Dominguez, Esq. Fla. Bar No. 1002235
**Service Emails:** Crystal@TheFoundersLaw.com
Sarah@TheFoundersLaw.com
Maria@TheFoundersLaw.com
Robert@TheFoundersLaw.com
**Pleadings Email:** Litigation@TheFoundersLaw.com