**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ARLET LEYVA ZAYAS,

Plaintiff,

v. Case No: 8:25-cv-3418-TPB-GDP

WALMART, INC.,

Defendant.
_________________________ /

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court on "Plaintiff's, Arlet Leyva Zayas, Motion for Partial Summary Judgment." (Docs. 27; 28). Defendant filed a memorandum in opposition, and Plaintiff filed a reply. (Docs. 30; 31; 33; 34; 35). The Court held a hearing on Plaintiff's motion. (Doc. 36). Based on the motion, response, reply, and argument of counsel, the Court finds as follows:

## Background

On October 27, 2024, Plaintiff Arlet Leyva Zayas was shopping as a customer at a Walmart store in Pasco County, Florida, when she slipped and fell, allegedly due to the presence on the floor of brightly colored yogurt spilled from a container. Plaintiff filed a complaint against "Walmart Stores, Inc." (according to Defendant, this was a misnomer for "Walmart, Inc.") in Pasco County state court on November 5, 2025. Defendant removed the case to this Court based on diversity of citizenship. Defendant denies liability and asserts affirmative defenses, including that Plaintiff

was comparatively negligent, that Defendant lacked actual or constructive notice of the dangerous condition, and that the condition or defect was open and obvious.

Plaintiff moved for partial summary judgment, seeking rulings that (1) Defendant had knowledge of the dangerous condition on the floor prior to Plaintiff's fall, and (2) Defendant breached its duty to Plaintiff to keep its premises reasonably safe and/or its duty to warn Plaintiff of the dangerous condition. Accordingly, Plaintiff argues, the case should proceed to trial only on the issues of causation and damages. Plaintiff also seeks summary judgment on Defendant's second, seventh and eighth affirmative defenses, which assert that Defendant lacked notice of the dangerous condition and that the accident was solely caused by the negligence of others.

Defendant's response argues that summary judgment for Plaintiff should be denied and that summary judgment should be entered in Defendant's favor on the ground that the alleged dangerous condition was open and obvious. Defendant points to photographs of the yogurt on the floor, and both sides rely on a store video recording showing the scene during the time leading up to Plaintiff's fall. The Court viewed the video recording in chambers and again along with counsel at the hearing held on July 16, 2026.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary

judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

Where the party moving for summary judgment does not bear the burden of proof at trial, it may satisfy its initial summary judgment burden by pointing out that there is an absence of evidence in the record to support a judgment for the opposing party on the claim or defense the moving party attacks. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-16 (11th Cir. 1993). Where the moving party will bear the burden of proof on an issue at trial, demonstrating the absence of a genuine issue of material fact requires the submission of credible evidence that, if not controverted at trial, would entitle the moving party to a directed verdict. *Id.*

## Analysis

As discussed below, it is undisputed that Defendant had notice of the dangerous condition prior to Plaintiff's fall, and summary judgment will be granted for Plaintiff as to that issue and on Defendant's seventh and eighth affirmative defenses, which turn on an alleged lack of notice. Plaintiff's motion for summary judgment is also well-taken as to Defendant's second affirmative defense, which asserts that the accident was caused by third parties. However, all other liability issues, including Defendant's alleged negligence and the open and obvious nature of the danger, remain for trial.

***Governing Principles of Premises Liability***

A business owner owes a business invitee such as Plaintiff (1) a duty of ordinary care to maintain the premises in a reasonably safe condition and (2) a duty to warn invitees of concealed dangers the owner knows or should know about but which the invitee does not know about and could not discover through the exercise of ordinary care. *Brookie v. Winn-Dixie Stores, Inc.*, 213 So. 3d 1129, 1131 (Fla. 1st DCA 2017). While a business owner must act with reasonable care, it is "not an insurer of [its invitees'] safety." *E.g.*, *McDaniel v. Lowe's Home Centers, LLC*, No. 3:24-cv-160-TKW-HTC, 2024 WL 4576731, at *3 (N.D. Fla. Oct. 4, 2024) (quoting *Westchester Exxon v. Valdes*, 524 So. 2d 452, 455 (Fla. 3d DCA 1988)); *Highlands Ins. Co. v. Gilday*, 398 So. 2d 834, 835 (Fla. 4th DCA 1981).

***Plaintiff's Motion for Summary Judgment***

Liability – Breach of Duty

A few minutes before Plaintiff's fall, Christopher Uplegger, a store employee, had been alerted to the spill and observed it. Uplegger then left the area to notify maintenance employees to clean the spill. Store policy required employees to wait in the area of a spill for cleanup assistance to arrive so that they can warn customers who enter the area. However, Uplegger has stated that he judged the brightly colored liquid to be sufficiently obvious that it was unlikely anyone would slip on it in the brief time he would be gone obtaining maintenance assistance. Although it appears the brightly colored substance was visible against the floor and Plaintiff had ample opportunity to observe the spill, she testified in deposition that she did not, in fact, see it before she fell.

Plaintiff seeks a ruling in her favor that Defendant had notice of the dangerous condition, which is one of the elements that Plaintiff will be required to prove at trial. As Plaintiff correctly argues, it is undisputed that Defendant learned of the spill through its employee, Uplegger. Defendant agreed at the hearing that the issue of notice is undisputed. Accordingly, summary judgment is granted to the extent that it is deemed established that Defendant had notice of the dangerous condition prior to Plaintiff's fall.

Plaintiff's motion, however, appears to go further and also seek a summary judgment ruling that Defendant breached its duty of care as a matter of law. Plaintiff appears to ground this request on the proposition that Uplegger's actions

were negligent as a matter of law because they violated the store's policy on how to handle spills. The Court denies Plaintiff's motion as to this ground. An employee's violation of store policy may be evidence of negligence but does not constitute negligence as a matter of law. *See, e.g.*, *Dominguez v. Publix Super Markets, Inc.*, 187 So. 3d 892, 894 (Fla. 3d DCA 2016). Whether the owner has met its duty of care typically presents a question of fact. *See, e.g.*, *Peuser v. Wal-Mart Stores E., LP*, No. 6:19-cv-2098-JA-GJK, 2021 WL 1752063, at *3 (M.D. Fla. May 4, 2021) ("When an injured party alleges that the owner or possessor breached the duty to keep the premises in a reasonably safe condition, an issue of fact is generally raised as to whether the condition was dangerous and whether the owner or possessor should have anticipated that the dangerous condition would cause injury despite the fact it was open and obvious.") (quoting *Gomez Cruz v. Wal-Mart Stores E., LP*, 268 So. 3d 796, 800 (Fla. 4th DCA 2019)).

As noted above, Defendant's employee Uplegger has explained that he left the spill area to get maintenance employees to clean up the spill because he believed it highly unlikely that anyone would fail to see and avoid the spill. Whether this assessment and Uplegger's actions were reasonable under all the circumstances presents a question of fact that must be determined by the jury. Accordingly, all issues on Plaintiff's claim except for the issue of notice of the dangerous condition remain for trial.

Defendant's Second, Seventh, and Eighth Affirmative Defenses

Plaintiff seeks summary judgment on Walmart's second affirmative defense, which asserts that Plaintiff's injuries were solely caused by the negligence or fault of third parties "or other individuals or entities who may be discovered through the discovery process" and who "were not under the care, custody, control or supervision of Walmart," and therefore, "Plaintiff cannot recover against Walmart." Walmart stated in the defense that it would seek leave to amend its pleading to identify any such additional non-parties. Plaintiff argues that Walmart was the sole owner and operator of the store where the accident occurred, and that this defense is unsupported by any evidence in the record. Walmart's summary judgment response does not identify any allegedly responsible third parties or evidence of their negligence and, in fact, does not address this point at all. Walmart also has not sought leave to amend its answer to identify any allegedly responsible third parties. Accordingly, Plaintiff's motion for summary judgment as to Walmart's second affirmative defense is granted.

Plaintiff also seeks summary judgment on Walmart's seventh and eighth affirmative defenses, which assert that Walmart had no actual or constructive knowledge of the alleged dangerous condition and therefore had no duty to warn or protect Plaintiff from the hazard. Plaintiff argues that the Walmart corporate representative's testimony and video evidence demonstrate that Walmart did have notice of the condition prior to Plaintiff's fall. Walmart properly conceded this issue at the summary judgment hearing. As discussed above, it will be deemed

undisputed at trial that Defendant had knowledge of the dangerous condition prior to Plaintiff's fall, contrary to the premise of Defendant's seventh and eighth affirmative defenses. Accordingly, Plaintiff's motion for summary judgment as to those affirmative defenses is granted.

***Defendant's Request for Summary Judgment***

Defendant's response to Plaintiff's motion argues that summary judgment should be granted in Defendant's favor on the ground that the open and obvious nature of the condition bars Plaintiff's negligence claims. The obviousness of a dangerous condition may discharge the owner's duty to warn in certain circumstances but generally does not obviate the owner's duty to maintain the premises in reasonably safe condition. *See, e.g., Nardone v. Home Depot, Inc.*, No. 23-60578-CIV-SMITH, 2024 WL 5433103, at *2-4 (S.D. Fla. Nov. 22, 2024). Instead, obviousness will factor into the jury's determination of comparative fault on the part of the plaintiff. *Id.* Liability will only be precluded as a matter of law in situations where the condition is so open and obvious that it is deemed not to be dangerous or is such that the owner has no reason to anticipate that injury might occur despite the obviousness of the danger. *See Nardone*, 2024 WL 5433103, at * 4; *Ellis v. Pilot Travel Centers LLC*, No. 4:19-cv-219-MW/MAF, 2020 WL 13469724, at *2 (N.D. Fla. Apr. 16, 2020); *Peuser*, 2021 WL 1752063, at *3.

While the dangerous condition arising from the spill might be obvious to customers looking down at the floor, customers walking down the aisle might well have their attention drawn to products on the shelves rather than the condition of

the floor. Under these circumstances, a jury could find that an owner could reasonably anticipate an injury could occur notwithstanding the high degree of visibility of the yogurt on the floor. Defendant's request that the Court enter summary judgment in its favor is therefore denied.

In short, issues of fact remain for the jury to determine as to Defendant's negligence, the obviousness of the danger, and the comparative fault of the parties. Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiff's, Arlet Leyva Zayas, Motion for Partial Summary Judgment" (Doc. 27) is **GRANTED** as to her claims to the extent that it is deemed established for purposes of this case that Defendant had notice of the allegedly dangerous condition prior to Plaintiff's fall.
2. Plaintiff's motion for summary judgment is also **GRANTED** as to Defendant's second, seventh, and eighth affirmative defenses, as set forth herein.
3. Plaintiff's motion is otherwise **DENIED**.
4. Defendant's request for summary judgment in its favor, contained in its

response to Plaintiff's motion for summary judgment, is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of October, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE